**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

NATIONAL LEGAL AND POLICY CENTER  :
107 Park Washington Court  :
Falls Church, Virginia 22046  :
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　*Plaintiff,*  :　Civil Action No. _____
　　　　　　　　　　　　　　　　　　　:
　　　　　　v.  :
　　　　　　　　　　　　　　　　　　　:
FEDERAL ELECTION COMMISSION,  :
1050 First Street, N.E.  :
Washington, D.C. 20463  :
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　*Defendant.*  :
_____:

## PETITION AND COMPLAINT FOR DECLARATORY

## AND INJUNCTIVE RELIEF

### INTRODUCTION

1. Plaintiff National Legal and Policy Center (NLPC) is a national nonprofit public

interest group that seeks to hold public officials, including Members of Congress, accountable

for their conduct both in office and as candidates for office.[1]  NLPC brings this action against the

Federal Election Commission ("FEC") for declaratory and injunctive relief under the Federal

Election Campaign Act ("FECA"), 52 U.S.C. § 30109(a)(8)(A) and the Administrative

Procedure Act ("APA"), 5 U.S.C. 552, *et seq.*, for dismissing or otherwise terminating its

Complaint filed on March 4, 2019, against Alexandria Ocasio-Cortez; Frank Llewellyn, her

---

[1] NLPC's, whose motto is "promoting ethics in public life," regularly files complaints with
appropriate governmental bodies, including the Federal Election Commission, as part of its
Government Integrity Project.  See https://www.nlpc.org/government-integrity-project/

campaign Treasurer; Chaikat Sakrabarti, her former Chief of Staff and Campaign Chair; and connected and affiliated political committees, their treasurers, and private fundraising entities owned or controlled by Mr. Sakrabarti, alleging that they failed to properly disclose hundreds of thousands of dollars in fundraising expenses and violated campaign contribution limits and requested that the FEC investigate the allegations and conduct an audit of the respondents' FEC filings.

## JURISDICTION AND VENUE

2.  This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties under 52 U.S.C. § 30109(a)(8)(A) and/or 5 U.S.C. § 702. This Court also has jurisdiction over this action under 28 U.S.C. §§ 1331, 2201(a), and/or 2202.

3. This action is timely filed within 60 days of the FEC's final agency action dismissing Plaintiff's complaint and/or taking final agency action on January 27, 2022 and closing its file in this matter on February 15, 2022.

4. Venue lies in this district under 52 U.S.C. § 30109(a)(8)(A), 28 U.S.C.§ 1391(e), and/or 5 U.S.C. § 703.

### Administrative and Judicial Process

5.  Any person who believes there has been a violation of FECA may file a sworn complaint before the FEC. 52 U.S.C. § 30109(a)(1); 11 C.F.R. § 111.4.

6.  The complaint is first reviewed by the staff of the FEC's Office of General Counsel ("OGC") and is sent to the Respondents within 5 days for their response.

7.  Based on the complaint, the response from the person or entity alleged to have violated FECA, facts developed by OGC, and OGC's recommendation, the FEC votes whether there is "reason to believe" a violation of FECA has occurred. 52 U.S.C. § 30109(a)(2). A "reason to

believe" exists where a complaint "credibly alleges" a violation of FECA "may have occurred."

FEC, *Statement of Policy Regarding Commission Action in Matters at the Initial Stage in the*

*Enforcement Process*, 72 Fed. Reg. 12,545 (Mar. 16, 2007).

8.  If the FEC finds reason to believe that a violation has occurred, it conducts an

investigation. 52 U.S.C. § 30109(a)(2); 11 C.F.R. § 111.10. As part of this investigation, it may

submit written questions under order; issue subpoenas and subpoenas duces tecum; take

depositions; and conduct field investigations or audits. 52 U.S.C. §§ 30107(a)(1)-(4),

30109(a)(2); 11 C.F.R. §§ 111.10-12.

9.  Under FECA, "any party aggrieved by an order of the Commission dismissing a

complaint filed by such party . . . may file a petition" in this Court, and "the court may declare

that the dismissal of the complaint. . . is contrary to law, and may direct the Commission to

conform with such declaration within 30 days, failing which the complainant may bring, in the

name of such complainant, a civil action to remedy the violation involved in the original

complaint." 52 U.S.C. §§ 30109(a)(8)(A), (C).

## PARTIES

10.  Plaintiff NLPC is a national nonprofit public interest law and policy center based in the

Washington, D.C. area that seeks to hold public officials, including Members of Congress,

accountable for their conduct both in office and as candidates for office and often files

complaints against them with appropriate government agencies, including the FEC, for violations

of disclosure laws and ethics rules.

11. Defendant Federal Election Commission is an independent federal agency charged with

the administration and civil enforcement of FECA. 52 U.S.C.§ 30106.

## FACTUAL BACKGROUND

12.  On or about March 4, 2019, NLPC filed a notarized complaint signed by its Chairman Peter Flaherty with the FEC against the following respondents: Alexandria Ocasio-Cortez, Alexandria Ocasio-Cortez for Congress, Frank Llewellyn (Treasurer for Alexandria Ocasio-Cortez for Congress), Brand New Congress PAC, Isra Allison (Treasurer for Brand New Congress), Brand New Congress LLC, Brand New Campaign LLC, Saikat Chakrabarti (then Chief of Staff for Alexandria Ocasio-Cortez), Justice Democrats PAC, and Alexandra Rojas (Treasurer for Justice Democrats).   See Exhibit A.

13. The complaint, docketed as MUR (Matter Under Review) 7575, alleges that the respondents, individually or collectively, violated FECA's disclosure and contribution limits.

14.  In particular, NLPC alleged, *inter alia*,  that according to FEC filings, Alexandria Ocasio-Cortez for Congress disbursed $18,720.86 to Brand New Congress LLC for "strategic consulting" in the 2018 election cycle;  Justice Democrats PAC disbursed $605,849.12 for "strategic consulting" to Brand New Congress LLC in the 2018 election cycle; and Brand New Congress PAC disbursed $261,165.18 to Brand New Congress LLC for "strategic consulting" in the 2018 election cycle, and that  "strategic consulting" was a mischaracterization of a wide range of activities that should have been reported individually and with particularity as expenses by the reporting entities.  See Exhibit A.

15.  NLPC further alleged that respondent "Saikat Chakrabarti stated on national television on May 19, 2016, that Brand New Congress LLC created the campaign infrastructure and ran all of the fundraising and volunteering operations for the campaigns. In his own words concerning Brand New Congress, 'Campaign infrastructure and fundraising is set aside from the candidates.'"  *Id.*

4

16.  NLPC further alleged that, "A post dated May 8, 2018 on the Justice Democrats website went further to say, 'we created Brand New Congress, LLC to keep things simple, we put all our staff in that LLC and had it act as the vendor for both the PAC and all the candidates.' The actual vendors, staff, and fundraising expenses were not disclosed. Brand New Congress LLC was simply a cutout." *Id.*

17.  NLPC further noted that FEC had found much less egregious conduct violative of FECA: "The Commission has taken action when presented with similar circumstances in the past. See MUR 4872 (Jenkins), MUR 6724 (Bachmann for President et al), and MUR 3847 (Stockman). In all three cases, cutouts were used to hide the true destination of money disbursed to influence federal elections." *Id*.

18.  Shortly after its filing, several news articles were published about the complaint and several FEC experts, including former FEC commissioners, opined on the seriousness of the allegations made by NLPC:

 (a) Hans A. von Spakovsky, *"Ocasio-Cortez and Top Aide Should Be Investigated for Possible Campaign Finance Violations*" (Heritage Foundation) ("*As a former FEC commissioner who has studied the complaint against Ocasio-Cortez and Chakrabarti, I have concluded that there is unquestionably more than enough evidence to justify the FEC opening a civil investigation. And there's also enough evidence for the U.S. Justice Department to seriously consider opening a criminal investigation.*").[2]

 (b)  Michelle Ye Hee Lee, *Payments to company owned by Ocasio-Cortez aide come under scrutiny* (Washington Post) (Mar. 5, 2019) ("*In a normal situation, if all you saw was a PAC that*

---

[2] https://www.heritage.org/election-integrity/commentary/ocasio-cortez-and-top-aide-should-be-investigated-possible-campaign

*disbursed hundreds of thousands of dollars to an affiliated entity to pay the salaries of people who were really working for the PAC, that looks like . . . a PAC that takes in money to engage in political activity but is actually enriching its owners,"* said Adav Noti, former Federal Election Commission lawyer who is now chief of staff of the Campaign Legal Center, a group that advocates for greater transparency in campaign finance."); [3]

(c) Alana Goodman, *AOC's chief of staff ran $1M slush fund by diverting campaign cash to his own* companies (Washington Examiner) (Mar. 4, 2019) (*"Bradley A. Smith, a former chairman of the FEC, said he has never seen such an arrangement. 'It's a really weird situation,' he said. 'I see almost no way that you can do that without it being at least a reporting violation, quite likely a violation of the contribution limits. You might say from a campaign finance angle that the LLC was essentially operating as an unregistered committee.'"*).[4]

(d) Mary Kay Linge and Jon Levine, *Feds probing AOC's chief of staff Saikat Chakrabarti after sudden resignation* (New York Post) (Aug. 4, 2019).[5]

19.  On or about February 25, 2022, Mr. Flaherty received a certified letter from the FEC notifying him that on January 27, 2022, almost a month earlier,

> the Commission considered the allegations raised in your complaint and voted to dismiss the allegation that Alexandria Ocasio-Cortez for Congress and Frank Llewellyn in his official capacity as treasurer violated 52 U.S.C. § 30104(b)(5) and (b)(6) and 11 C.F.R. § 104.3(b)(3) and (b)(4) by failing to include sufficient descriptions showing the purposes for, and misreporting the payee of, disbursements to Brand New Congress, LLC. The Commission was equally divided on whether to find reason to believe, and whether to

---

[3] https://www.washingtonpost.com/politics/payments-to-corporation-owned-by-ocasio-cortez-aide-come-under-scrutiny/2019/03/05/ae5045ee-3f61-11e9-9361-301ffb5bd5e6_story.html

[4] https://www.washingtonexaminer.com/tag/alexandria-ocasio-cortez?source=%2Fpolitics%2Focasio-cortezs-chief-of-staff-ran-1m-slush-fund-by-diverting-campaign-cash-to-his-own-companies

[5] https://nypost.com/2019/08/03/feds-probing-aocs-chief-of-staff-saikat-chakrabarti-after-sudden-resignation/

dismiss, the allegations that Brand New Congress and Hosseh Enad in his official capacity as treasurer and Justice Democrats PAC and Natalie Trent in her official capacity as treasurer violated  52 U.S.C. § 30104(b)(5) and (b)(6) and 11 C.F.R. § 104.3(b)(3) and (b)(4) by failing to include sufficient descriptions showing the purposes for and misreporting the payee of, disbursements to Brand New Congress, LLC. Accordingly, on February 15, 2022, the Commission closed the file in this matter.

See Exhibit B.

20.  The FEC letter did not provide NLPC with the reasons for the delay in notifying it of the dismissal of its complaint nor the reasons justifying its dismissal with respect to Alexandria Ocasio-Cortex respondents and reasons for the deadlocked 3-3 vote with respect to the allegations against Brand New Congress respondents, stating only that such reasons "will follow."  See Exhibit B.

21.  The FEC further noted in its January 27, 2022 letter that on February 15, 2022, "the Commission closed the file in this matter."  *Id*.  As of the date of this Complaint, the FEC has yet to provide the Statement of Reasons for its actions that it took almost two months ago in disposing of MUR 7575. While the FEC notes on its website that *"By law, all enforcement cases must remain confidential until they're closed,"*[6] the FEC has yet to publicly release any information on MUR 7575 since it was closed on February 15, 2022 almost 40 days ago..

## CAUSES OF ACTION

### Count I (Failure to Investigate Plaintiff's Complaint)

22.  Plaintiff realleges the allegations in paragraphs 1-21.

23.  The FEC's failure to find "reason to believe" a violation occurred and conduct an investigation under 52 U.S.C. § 30109(a)(2) and 11 C.F.R. § 111.10, was arbitrary, capricious, and contrary to law under 52 U.S.C. § 30109(a)(8)(A) and 5 U.S.C. 706.

---

[6] https://www.fec.gov/legal-resources/enforcement/

**Count II (Dismissal of Plaintiff's Complaint)**

24.  Plaintiff realleges the allegations in paragraphs 1-23.

25. The FEC's dismissal of Plaintiff's Complaint and closing its file in MUR 7575 were arbitrary, capricious, and contrary to law under 52 U.S.C. § 30109(a)(8)(C) and 5 U.S.C. 706.

**Count III (Failure to Issue Statement of Reasons)**

26.  Plaintiff realleges the allegations in paragraphs 1-25.

27.  The FEC's failure to issue its Statement of Reasons for dismissing Plaintiff's Complaint was arbitrary, capricious, contrary to law and unlawfully withheld or unreasonably delayed under 52 U.S.C. § 30109(a)(8)(C) and 5 U.S.C. 706.

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

a)  Declare that the FEC's failure to find "reason to believe" a violation of FECA occurred and conduct an investigation was arbitrary, capricious, and contrary to law under 52 U.S.C. § 30109(a)(8)(C) and 5 U.S.C. § 706;

b) Declare that the FEC's dismissal of Plaintiff's administrative complaint and closing its file was arbitrary, capricious, and contrary to law under 52 U.S.C. § 30109(a)(8)(C) and 5 U.S.C. § 706;

c)  Declare that the FEC's failure to issue its Statement of Reasons for its action in MUR 7575 was unlawfully withheld or unreasonably delayed in violation of 52 U.S.C. § 30109(a)(8)(C) and 5 U.S.C. § 706;

d)  Order the FEC to issue its Statement of Reasons for its action in MUR 7575, which was

unlawfully withheld or unreasonably delayed;

   e)  Order the FEC to conform with this declaration within 30 days, under 52 U.S.C. §§ 30109(a)(8)(A)-(C), failing which Plaintiff may bring, in its own names, a civil action to remedy the violation involved in the original complaint, under § 30109(a)(8)(C);

   f)  Award legal fees and costs of suit incurred by Plaintiff; and

   g)  Grant such other and further relief as this Court deems just and proper.

Dated:  March 25, 2022          Respectfully submitted,

*/s/Paul D. Kamenar*
Paul D. Kamenar
D.C. Bar 914200
1629 K Street, N.W. Suite 300
Washington, D.C. 20006
Telephone: (301) 257-9435
paul.kamenar@gmail.com